[Civ. No. 3725. Fourth Dist. May 25, 1948.]

MRS. ELMER PATTERSON et al., Appellants, v. SNOOK & WELLS, INC., et al., Respondents.

Siemon, Maas & Siemon and Calvin H. Conron, Jr., for Appellants.

Harvey, Johnston, Baker & Palmer for Respondents.

BARNARD, P. J.—This is a companion case to that of *Snook & Wells, Inc.* v. *Holmes et al., ante,* p. 660 [193 P.2d 487], this day decided. After judgment was entered in that case the plaintiffs herein brought this action. The complaint alleged the general facts as to how the plaintiffs acquired an interest in the oil wells, which facts have been sufficiently summarized in the other case. It is then alleged that since June 1, 1946, the plaintiffs have operated the property, have expended about $5,000 for repairs and necessary supplies, and have produced and delivered over 5,000 barrels of oil to the Independent Oil Producers Agency pursuant to existing contracts, the proceeds of which are being retained by that agency for such parties as may be adjudged to be entitled thereto; that the plaintiffs have expended additional money in the operation of these wells and for the preservation and

protection of the property; and that the plaintiffs are entitled to certain personal property now on the premises and used in connection with the operation of the wells. The complaint . also alleges certain other matters and things which were determined and concluded by the judgment in the other action. The prayer asks for a declaration of the rights of the parties, for the appointment of a new trustee in a certain event, that the plaintiffs be awarded 70 per cent of the proceeds of the oil which are held by the Independent Oil Producers Agency, and for such other and further relief as is meet and proper in the premises. A demurrer was filed by Snook & Wells, Incorporated, which was mainly on the ground that the matters therein were included within, and concluded by, the judgment in the other action although ambiguity, uncertainty, misjoinder of parties and other issues are also raised thereby. The court sustained the demurrer without leave to amend and entered a judgment of dismissal, from which the plaintiffs have appealed.

As we noted in the decision in the other case, the issue as to who is entitled to the proceeds of the oil produced which is being held by the Independent Oil Producers Agency until it is determined to whom it should be paid, was not decided in the other action. Not only should that issue now be decided, but the complaint herein alleged facts which, if true, would seem to indicate that the appellants were entitled to some or all of that money. While the complaint covered other issues which were determined and concluded in the other action, an attempt was here made to also raise this issue. These appellants, having operated the wells during the litigation and produced the oil the proceeds of which are thus impounded, might well be entitled to recover the reasonable value and reasonable costs of their services in producing the oil in question. While this issue was not clearly expressed and set forth in the complaint, and while the form of the prayer is somewhat deficient in this regard, it sufficiently appears that an attempt was made to state a cause of action in this regard and the appellants should have been permitted to amend, especially since the matter had not been determined in the other action which was heard by the same judge, and since otherwise the appellants might be deprived of something to which they may have been entitled, and the respondents unjustly enriched by receiving the total proceeds of the oil produced during that period, without being charged with any of the costs of production. To the extent that the actual

and necessary services and expenses of these appellants in producing this oil are covered by the amount which is impounded, they may have a valid claim to reimbursement from that fund.

The judgment of dismissal is reversed with instructions to permit the appellants to amend their complaint for this purpose.

Marks, J., and Griffin, J., concurred.

A petition for a rehearing was denied June 14, 1948.